UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RANDOLPH SMITH,<br><br>     Plaintiff,<br>  v.<br><br>BRENT REINKE and JOHANNA SMITH,<br><br>     Defendants. | Case No. 1:12-cv-00030-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

The Court has before it defendants' Motion to Continue Trial. (Dkt. 44). For the reasons explained below, the Court will deny the motion.

## BACKGROUND

Plaintiff Randolph Smith is a deaf prisoner at the Idaho State Correctional Institute. He has sued officials at Idaho's Department of Corrections under the American Disabilities Act of 1990 (ADA) and the Rehabilitation Act of 1973. Smith alleges that defendants violated his rights under these acts by denying his request to use a videophone

to communicate with friends and relatives.  Trial is scheduled to begin on January 20, 2015.  Defendants ask that trial be rescheduled for the spring of 2015.

## ANALYSIS

Whether to grant a continuance is entrusted to the trial court's discretion. *See Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001) ("A district court's decision regarding a continuance is given great deference, 'and will not be disturbed on appeal absent clear abuse of [the court's] discretion.'" (citation omitted)). The factors the trial court should use in exercising its discretion include determining the extent to which granting a continuance will inconvenience the Court and the opposing party, as well as the moving party's diligence in preparing its case for trial.  *See United States v. Flynt*, 756 F.2d 1352, 1359 (9th Cir. 1985).

Upon considering these factors, the Court concludes that a continuance is not warranted.  There is sufficient time for defense counsel to prepare for trial, despite the relatively recent substitution of defense counsel Leslie Hayes.  Further, as the plaintiff points out, this litigation has been pending for nearly three years, and it is time to bring the matter to trial.

As for defendant's request to reopen discovery, the Court does not find that they have established the necessary "good cause" to do so.  *See* Fed. R. Civ. P. 16(b); *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604 (9th Cir. 1992).

Lastly, the Court declines plaintiff's invitation to rule on the pending motion in limine (Dkt. 43) before ruling on this motion to continue.

## ORDER

**IT IS ORDERED that** Defendants' Motion to Continue Trial (Dkt. 44) is **DENIED.**

DATED: October 24, 2014

_____
B. Lynn Winmill
Chief Judge
United States District Court